OPINION OF THE COURT
Louis B. York, J.
In this case, plaintiff Mohertus Trading Company (Mohertus) is suing defendant United Parcel Service (UPS) for $10,497, the amount allegedly owed it for goods UPS lost in shipping. UPS has moved for a grant of summary judgment against Mohertus on the grounds that (1) plaintiff does not possess a cause of action against the defendant as a matter of *47 law and (2) there exist no triable issues as a matter of law. Defendant neither challenges nor addresses plaintiffs statement of the facts as it contends that even on the facts as plaintiff presents them, defendant should prevail. Because plaintiff has raised triable issues of fact, defendant’s motion is denied.
According to plaintiff, its agent, Herbert Tuchman, brought a package ready for shipment to UPS with a label attached indicating its value as $16,000. However, the UPS agent informed Tuchman that he had packaged the goods incorrectly. Thus, the UPS worker repackaged the goods, apparently copying the shipping label from the first package to the second. Tuchman signed his receipt and left without noticing that the UPS agent had incorrectly listed the value of the goods as $6,000. The goods were lost and UPS reimbursed plaintiff for $6,000 plus $13 for shipping charges. UPS claims that this completely satisfied its duties under the contract. Mohertus argues that as it originally wrote a shipment order for $16,000, and signed the contract without realizing that the UPS agent had made a mistake, it was entitled to a recovery of $16,000. Mohertus is implicitly asking this court to reform the contract based on mutual mistake so that it reflects the alleged intent of the parties.
Because this case involves the interstate shipment of goods, it is subject to the Carmack Amendment (49 USC § 20 [11]) in which Congress created a uniform national policy covering interstate carriers’ liability for property loss. (New York, New Haven & Hartford R. R. Co. v Nothnagle, 346 US 128, 131 [1953].) The law regarding carrier liability is clear. A limitation on liability clause is enforceable where it meets the following criteria: (1) it is the result of a fair, open, just and reasonable agreement between the carrier and the shipper and (2) the shipper was given the option of insuring at a higher rate. (United States Gold Corp. v Federal Express Corp., 719 F Supp 1217, 1224 [SD NY 1989]; Shippers Natl. Frgt. Claim Council v Interstate Commerce Commn., 712 F2d 740, 746 [2d Cir 1983], cert denied 467 US 1251 [1984].) Furthermore, where a shipper has deliberately underinsured his goods to obtain a lower shipping rate, he may only recover the amount for which he insured the goods. (See, Calvin Klein Ltd. v Trylon Trucking Corp., 892 F2d 191 [2d Cir 1989].)
In some instances, though, where it appears that the above criteria have not been met, further investigation is necessary to get a full understanding of the circumstances relating to *48 the contract formation. Courts in several instances either have held contracts that include limitation on liability clauses to be unenforceable, or have found that an issue of fact remains precluding a summary disposition of the case. For example, where the shipper is not given reasonable notice of the limitation on liability clause, recovery for the full value of the goods may be allowed. (See, Welliver v Federal Express Corp., 737 F Supp 205 [SD NY 1990] [where shipper had not received reasonable notice of limitation on liability in airbill, shipper was able to recover full value of goods despite lower valuation on shipping label].) Further, where carrier’s agent may have made affirmative misrepresentations regarding insurance contracts, New York courts have held according to the Carmack Amendment that shippers may recover the full value of the goods. (See, Solomon v National Movers Co., 131 Misc 2d 992 [Sup Ct, NY County 1986] [motion by carrier to dismiss claims over $25,000 was denied although shipper insured for only $25,000, because questions remained about alleged misrepresentations made by carrier’s agent as to the sufficiency of purchased insurance].) Finally, in cases where questions of mistake and fraud have been raised in connection with the formation of contracts limiting the liability of common carriers, courts may loosely apply contract law to reasonably protect the shipper. (See, Chandler v Aero Mayflower Tr. Co., 374 F2d 129 [4th Cir 1967] [carrier’s motion for directed verdict denied where question existed regarding whether shipper understood effect of liability limitation].)
Mutual mistake may be another example where the court holds in favor of the shipper because the established criteria are not met. The general principle is that parties to a signed written instrument are bound by its terms regardless of whether they read it and understand its legal consequences. However, there may be an exception where a party signs a document reasonably believing it to mean something very different than its actual meaning. (Operating Engrs. Pension Trust v Gilliam, 737 F2d 1501, 1504 [9th Cir 1984].) Moreover, where mutual mistake occurs as to material terms, a court may reform or rescind a contract so that it reflects the actual intent of the parties. (Bowen-McLaughlin-York Co. v United States, 813 F2d 1221 [Fed Cir 1987].)
In this case, Mohertus argues that its intent was to enter a contract insuring the goods for $16,000; mistakes by both the UPS agent and Tuchman resulted in a contract with a mistaken material term; and thus, the contract should be en *49 forced in a way that reflects the original intent of the parties. Defendant, however, claims that the receipt signed by both parties is representative of a contract with express, agreed on terms, and that these terms may not be altered by paroi evidence.
Mohertus has raised a genuine issue regarding mutual mistake. A trial is necessary to determine such issues as whether a mistake occurred and whether Tuchman was reasonable in relying on the UPS agent to copy the label accurately. (Cf., Welliver v Federal Express Corp., supra, 737 F Supp, at 207 [where shipper allegedly signed a blank shipment label and left it with carrier to fill out, summary judgment not granted; court considered lack of sophistication of shipper’s agent, and fact that shipper was rushed in making decision].) Therefore, summary judgment is denied.